UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE DANIEL R., | Case No. 26-cv-1466 (LMP/ECW) |
| Petitioner, | |
| v. | **ORDER** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and JOEL BROTT, *Sheriff of Sherburne County*, | |
| Respondents. | |

Petitioner Jose Daniel R. is a native and citizen of Nicaragua who entered the United States in December 2022. ECF No. 1 ¶ 13. Jose Daniel R. was arrested by immigration officials in Minnesota on February 10, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *See id.* ¶¶ 16, 20. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *Id.* ¶ 30. Jose Daniel R. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* He also contends that he is not subject to discretionary detention under 8 U.S.C. § 1226(a) because the Government has not issued him a warrant. *See id.* ¶ 53.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Jose Daniel R. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Jose Daniel R. raises the same legal issues and largely requests the same relief granted in those cases, namely: (1) an order requiring his immediate release from custody because he was not detained with a warrant of arrest; or (2) an order requiring the Government to conduct a bond hearing. *See* ECF No. 1 at 17.

This Court will not depart from its reasoning in its prior decisions. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to Jose Daniel R.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1 ("Petition")) on or before Friday, February 20, 2026, certifying the true cause and proper duration of Jose Daniel R.'s confinement and showing cause why the writ should not issue in this case;

2. The Government's answer must include:

   a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Jose Daniel R.'s detention in light of the issues raised in his Petition;

   b. A reasoned memorandum of law and fact explaining the Government's legal position on Jose Daniel R.'s claims;

   c. A good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*; and

   d. The Government's recommendation on whether an evidentiary hearing should be conducted;

3. If Jose Daniel R. intends to file a reply to the Government's answer, he must do so on or before Wednesday, February 25, 2026;[1]

4. No further submissions from the parties will be permitted except as authorized by Court order;

5. The Government is **ORDERED** not to move Jose Daniel R. outside of the District of Minnesota during the pendency of these proceedings, so that Jose Daniel R. may consult with his counsel and participate in this litigation while the Court considers his Petition. If Jose Daniel R. has been moved or is in

---

[1] The Court reserves the right to grant the Petition before Jose Daniel R. files his reply brief if the Government's answer plainly demonstrates that Jose Daniel R. is entitled to relief.

the process of being moved outside of Minnesota as of the time this Order is entered, Respondents are **ORDERED** to return him immediately to Minnesota; and

6. Respondents are **ORDERED** to adhere to the terms of the temporary restraining order entered in *Advocates for Human Rights v. U.S. Department of Homeland Security*, No. 26-cv-749 (NEB/DLM), ECF No. 95 (D. Minn. Feb. 12, 2026), to the extent that Jose Daniel R. is a "Detainee" as defined at page 36 of that order.

Dated: February 17, 2026　　　　　　　　　*s/Laura M. Provinzino*
Time: 10:35 a.m.　　　　　　　　　　　　　Laura M. Provinzino
　　　　　　　　　　　　　　　　　　　　United States District Judge