UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE DANIEL R., | Case No. 26-cv-1466 (LMP/ECW) |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and JOEL BROTT, *Sheriff of Sherburne County*, | |
| Respondents. | |

M. Boulette, **Boulette Law, Minneapolis, MN**, for Petitioner.

J. Cruz Rodriguez, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

Petitioner Jose Daniel R. is a native and citizen of Nicaragua who entered the United States in December 2022. ECF No. 1 ¶ 13. After arriving in the United States, Jose Daniel R. applied for asylum; that application remains pending. *Id.* ¶ 14. Despite having

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials named as Respondents. Respondent Joel Brott, the Sherburne County Sheriff, has not participated in these proceedings.

a medical condition that requires him to use a colostomy bag, Jose Daniel R. obtained a work permit and works full-time to support his two minor children. *Id.* ¶ 15.

Jose Daniel R. was arrested by immigration officials in Minnesota on February 10, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *See id.* ¶¶ 16, 20. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *Id.* ¶ 30. Jose Daniel R. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* He also contends that he is not subject to discretionary detention under 8 U.S.C. § 1226(a) because the Government has not issued him a warrant. *See id.* ¶ 53. Jose Daniel R. brought a petition for a writ of habeas corpus to challenge his detention, raising statutory, constitutional, and APA claims. *See id.* ¶¶ 31–47.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Jose Daniel R. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Accordingly, the Court ordered the Government to respond to the petition no later than February 20, 2026, and to offer any

material distinctions between this case and the cases that this Court has already decided. ECF No. 4.

The Government timely responded and raised several purported distinctions. ECF No. 6. Although the Government's arguments sweep broadly and are a bit of a moving target, from what the Court understands, none of these arguments are availing. The Government first asserts that the Notice to Appear issued to Jose Daniel R. deemed him an "arriving alien," which subjects him to mandatory detention under 8 U.S.C. § 1225(b). ECF No. 6 at 3. Clearly, though, the Government's say-so that Jose Daniel R. is subject to mandatory detention does not make it legally so. *See Roberto M. F.*, 2025 WL 3524455, at *4.

Perhaps sensing that it is unlikely to win under 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(a), the Government raises a new ground to justify Jose Daniel R.'s detention: 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). When a noncitizen "who is arriving in the United States" and is inadmissible under certain statutory provisions indicates "an intention to apply for asylum . . . or a fear of persecution," an asylum officer will conduct an interview with the noncitizen for a credible fear assessment. 8 U.S.C. § 1225(b)(1)(A)(ii). If the asylum officer determines that the noncitizen does not have a credible fear of persecution, then the noncitizen "shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

There are several problems with the Government's argument. First, as other courts have recognized, 8 U.S.C. § 1225(b)(1) is an expedited removal statute, and "only

3

mandates detention of noncitizens arriving in the United States during the pendency of expedited removal proceedings and the credible fear interview and review process." *Jimenez v. FCI Berlin, Warden*, 799 F. Supp. 3d 59, 68–69 (D.N.H. 2025); *see Portillo-Argueta v. Simon*, No. 1:25-cv-2285 (AJT-WEF), 2026 WL 184194, at *4 (E.D. Va. Jan. 23, 2026). But Jose Daniel R. is not in expedited removal proceedings; he is in standard removal proceedings under 8 U.S.C. § 1229a. ECF No. 6-1 at 1. Second, there is no evidence that Jose Daniel R. has actually undergone the "credible fear interview and review process." *Jimenez*, 799 F. Supp. 3d at 68–69. Recall that a noncitizen may be detained under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) only if they have (1) undergone a credible fear interview, 8 U.S.C. § 1225(b)(1)(A)(ii), and (2) have been found not to have a credible fear of persecution, 8 U.S.C. § 1225(b)(1)(B)(iii)(I). The Government provides no evidence that Jose Daniel R. was afforded a credible fear interview, nor is there any evidence that the Government has determined that he lacks a credible fear of persecution under 8 U.S.C. § 1225(b)(1)(B)(iii). Indeed, if an asylum officer determines that a noncitizen lacks a credible fear of persecution, the officer is required to "prepare a written record of a determination," which must include a "summary of the material facts as stated by the applicant, such additional facts (if any) relied upon by the officer, and the officer's analysis of why, in the light of such facts, the alien has not established a credible fear of persecution." 8 U.S.C. § 1225(b)(1)(B)(iii)(II). The Government does not furnish any such written record, compelling the conclusion that 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) does not apply to Jose Daniel R.

Having dispatched with the Government's 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) argument, the Court discerns no other basis on which to justify Jose Daniel R.'s detention. Jose Daniel R., who has been in the country since December 2022, was not seeking physical entry to the United States at the time of his arrest, so he cannot be detained under 8 U.S.C. § 1225(b)(2). *Victor Hugo D. P.*, 2025 WL 3688074, at *2–3. And the Government does not provide a warrant that would authorize Jose Daniel R.'s detention under 8 U.S.C. § 1226(a). *Joaquin Q. L.*, 2026 WL 161333, at *2–3. Jose Daniel R. is accordingly entitled to habeas relief and immediate release from detention.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Jose Daniel R.'s Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Government is **ORDERED** to release Jose Daniel R. from custody in Minnesota, without conditions and with all personal property, by no later than **5:00 p.m. on Wednesday, February 25, 2026**;

3. The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than **Thursday, February 26, 2026**; and

4. If the Government seeks to impose conditions of release on Jose Daniel R. or to retain Jose Daniel R.'s property, the Government's status report must

5

include: (a) the conditions imposed or the property retained; and (b) the legal basis on which the conditions are imposed or the property is retained.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 23, 2026					*s/Laura M. Provinzino*
							Laura M. Provinzino
							United States District Judge